**Emilio PACE, Plaintiff–Appellant,**

v.

**PARIS MAINTENANCE COMPANY, Defendant–Appellee.**

Docket No. 00–9009.

United States Court of Appeals, Second Circuit.

April 3, 2001.

Thomas S. Rosenthal, Law Offices of Thomas S. Rosenthal, New York, NY, for appellant.

Perry S. Heidecker, Milman & Heidecker, Lake Success, NY, for appellee.

Present SOTOMAYOR, KATZMANN, Circuit Judges, BERTELSMAN,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Plaintiff–Appellant Emilio Pace ("plaintiff") appeals from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*) granting summary judgment to his former employer

---

* The Honorable William O. Bertelsman of the United States District Court for the Eastern District of Kentucky, sitting by designation.

Paris Maintenance Company ("Paris") on plaintiff's claims of discriminatory retaliation. *See Pace v. Paris Maintenance Co.*, 107 F.Supp.2d 251 (S.D.N.Y.2000).

■ We agree with the district court that plaintiff failed to rebut Paris's legitimate non-discriminatory reason for removing him from his position as a handyman in a midtown Manhattan office building. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 764, 769 (2d Cir.1998) (holding that once a plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for taking the alleged adverse action, and then shifts back to the plaintiff to show that the employer's proffered reason was simply a pretext for impermissible retaliation). Specifically, plaintiff does not contest that on May 21, 1997, the day that he was transferred, his personality conflict with the building's aggressive and confrontational chief engineer—who worked for Paris's client, the building's management company—erupted in several vocal incidents. Paris asserted, and plaintiff failed to rebut the assertion, that the building's management company told Paris to remove plaintiff from the premises on that day based on these incidents, which it characterized as insubordination.

■ We similarly agree with the district court that plaintiff failed to adequately rebut Paris's explanation that several of the ensuing transfers to full-time temporary positions at other buildings simply represented Paris's efforts to keep plaintiff working while plaintiff's union grievance concerning his removal from the midtown building was pending. Plaintiff lost that grievance in May 1998.

Lastly, plaintiff claims that events occurring in June 1998 demonstrate that, once plaintiff filed the instant lawsuit in February 1998, Paris engaged in new acts of retaliation in response to that lawsuit. Specifically, plaintiff attributes retaliatory significance to a statement made to him by Paris's Director of Operations Janet Esposito during a June 1998 meeting which Esposito convened in order to discuss plaintiff's employment options after he had lost his grievance. In that meeting, Esposito, in the course of urging plaintiff and his union representative to take one of the options Paris was offering to plaintiff, referred to the pending federal lawsuit and told plaintiff that: "This is a federal case and you are costing [Paris] thousands of dollars" (the "Esposito Statement"). Shortly after that meeting, Paris put plaintiff into a part-time permanent position where, after four days, plaintiff was injured and became unable to work. Plaintiff claims that the Esposito Statement demonstrates Paris's retaliatory motive in treating him differently than other employees.

■ The district court held that the Esposito Statement was made during a settlement negotiation and was thus inadmissible pursuant to Fed.R.Evid. 408. The district court found that the issues discussed at the June 1998 meeting, if they had been fully resolved, had the potential to "end[ ] the instant [federal] litigation in an amicable fashion," and that the Esposito Statement should therefore be excluded as "[e]vidence of conduct or statements made in compromise negotiations." *Pace*, 107 F.Supp.2d. at 265 (quoting Fed. R.Evid. 408).

The district court's conclusion was premised upon what appeared to be plaintiff's contention below—that the Esposito Statement was either itself a retaliatory act or was evidence that Paris's conduct prior to the June 1998 meeting had been retaliatory. To the extent that plaintiff

sought to utilize the statement in support of such claims, we agree with the conclusion of the district court.

However, on appeal, plaintiff has clarified that he seeks to offer the Esposito Statement, at least in part, for another purpose—to demonstrate that the subsequent act of placing him in a part-time position was a new and independent act of retaliation for the filing of the instant lawsuit. *See* Fed.R.Evid. 408 ("This rule also does not require exclusion when the evidence is offered for another purpose...."); *see, e.g., Uforma/Shelby Business Forms, Inc. v. NLRB,* 111 F.3d 1284, 1294 (6th Cir.1997) ("[W]e hold that Rule 408 does not exclude evidence of alleged threats to retaliate for protected activity when the statements occurred during negotiations focused on the protected activity and the evidence serves to prove liability either for making, or later acting upon, the threats."); *Carney v. The American Univ.,* 151 F.3d 1090, 1095–96 (D.C.Cir.1998) (holding that settlement letters were being introduced for "another purpose" because the "correspondence can be used to establish an independent violation (here, retaliation) unrelated to the underlying claim which was the subject of the correspondence (race discrimination)"). Plaintiff's argument in this regard might have some force except that here, as the district court alternatively found, plaintiff did not meet his burden of showing that Paris's post-meeting actions were taken for other than the "legitimate, non-discriminatory reason" provided by Paris—to "place [plaintiff] in the only permanent position [Paris] had available at the time for which [plaintiff] was qualified." *Pace,* 107 F.Supp.2d at 265.

We have considered plaintiff's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.